IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03013-PAB-NRN

CARTER BELL,

    Plaintiff,

v.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, a Massachusetts corporation,

    Defendant.

# ORDER

    This matter comes before the Court on Plaintiff's Motion *in Limine* to Preclude Testimony from Defendant's Consulting Physicians Dr. Reva Klein, Dr. Howard Oakes, and Dr. Walter Schievink [Docket No. 71]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND

    The Court assumes the parties' familiarity with the background facts of this case, which have been set forth in the summary judgment order, *see* Docket No. 59 at 1-4, and which will not be repeated here except to the extent necessary to resolve plaintiff's motion. This case concerns the handling of plaintiff Carter Bell's claim for disability benefits under two disability insurance policies he purchased from defendant Massachusetts Mutual Life Insurance Company ("MassMutual"). *Id.* at 2. Mr. Bell brings claims for breach of contract, common law bad faith breach of insurance contract, and statutory bad faith delay or denial of insurance benefits. *Id.* at 1.

Reva B. Klein, M.D. and Howard Oakes, Psy. D. ("Consulting Physicians") are consulting physicians hired by MassMutual who were involved in MassMutual's internal review and management of Mr. Bell's claim and appeal.  Docket No. 71 at 2-3; Docket No. 106 at 3.  The Consulting Physicians authored reports based on their medical training stating their opinions about Mr. Bell's diagnosis and impairments.  Docket No. 71 at 2-3; *see* Docket Nos. 71-1 through 71-7, 71-9.  The Consulting Physicians did not treat Mr. Bell personally, and their reports were based on Mr. Bell's medical records and information obtained from communicating with Mr. Bell's treating physicians.  Docket No. 71 at 2-3; *see* Docket Nos. 71-1 through 71-7, 71-9.

MassMutual's witness list states that it may call the Consulting Physicians to testify at trial.  Docket No. 92 at 1.  MassMutual's preliminary witness list, which was incorporated into the final pretrial order, *see* Docket No. 52 at 13, identifies the Consulting Physicians as non-expert witnesses and states that they are expected to provide testimony concerning MassMutual's investigation into Mr. Bell's claim and the claim determination.  Docket No. 52-3 at 2, ¶ 2.g.  Mr. Bell argues that the Consulting Physicians should be precluded from testifying at trial because they have not been disclosed as expert witnesses, but their testimony will constitute expert testimony.  Docket No. 71 at 5-7.

MassMutual argues that the Consulting Physicians' testimony will constitute lay testimony because it will be "based on the Consulting Physicians' personal experiences and investigations."  Docket No. 106 at 3.  MassMutual states that the Consulting Physicians' testimony will concern "their respective personal involvement in MassMutual's internal review and management of Plaintiff's claim and appeal, including

2

their interactions with MassMutual's claims team, their personal review of Plaintiff's medical records, and their conversations with Plaintiff's physicians." *Id.* MassMutual argues that the Consulting Physicians therefore "have relevant, first-hand knowledge and will testify on that basis," making their testimony lay testimony. *Id.* at 4.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a) governs the requirements for disclosure of witnesses. With respect to expert witnesses, Fed. R. Civ. P. 26(a)(2)(A) states that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." With respect to the opinions of a lay witness, Fed. R. Evid. 701 permits "a lay witness to testify in the form of opinions or inferences drawn from [his] observations when testimony in that form will be helpful to the trier of fact." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988). A lay witness's opinions are limited to those that are: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Thus, lay witnesses may not provide testimony that is based on "scientific, technical, or other specialized knowledge" pursuant to Fed. R. Evid. 701(c) "that is not understandable by an ordinary person." *See Water Pik, Inc. v. Med-Systems, Inc.*, No. 10-cv-01221-PAB-CBS, 2012 WL 27596, at *3 (D. Colo. Jan. 5, 2012).

Federal Rule of Evidence 702 states that an expert witness "who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise." Fed. R. Evid. 702. The Tenth Circuit has held that

3

testimony provided by a witness is expert testimony if the testimony is "based on technical or specialized knowledge," regardless of whether the witness is designated as an expert or fact witness. *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011).

## III.  ANALYSIS

Mr. Bell asks the Court to preclude the Consulting Physicians from testifying at trial on the basis that their testimony will constitute expert testimony and MassMutual did not disclose the Consulting Physicians as experts. Docket No. 71 at 5-7. Mr. Bell argues that the conclusions that the Consulting Physicians reached in their reports "do not fall within the province of a lay witness and their testimony certainly goes beyond the realm of common experience for jurors." *Id.* at 7. Mr. Bell also notes that the Consulting Physicians "had no direct observations or personal involvement with" Mr. Bell. *Id.*

Under Tenth Circuit precedent, a lay witness may not offer testimony that is based on technical or specialized knowledge. *James River*, 658 F.3d 1214. In *James River*, the Tenth Circuit held that the testimony offered by the witness was expert testimony because it included opinions and judgments that required professional experience outside the scope of lay opinion and because the Federal Rules of Evidence considered the type of testimony proffered to be expert opinion. *See id*. at 1214-15. In addition, this Court has held that a physician who is disclosed as a lay witness may not testify as to opinions that "rely (even in part) on the findings of other physicians," because such testimony is expert testimony. *George v. Metro. Prop. and Cas. Ins. Co.*, No. 18-cv-01663-PAB-SKC, 2020 WL 70424, at *6 (D. Colo. Jan. 2, 2020) (quoting

4

*Carbaugh v. Home Depot U.S.A., Inc.*, No. 13-cv-02428-REB-MEH, 2014 WL 3543714, at *4 (D. Colo. Jul. 16, 2014)); *see also Vanderlaan v. Ameriprise Auto and Home Ins.*, No. 20-cv-00191-PAB-STV, 2021 WL 4441518, at *4-5 (D. Colo. Sep. 28, 2021); *Masters v. Safeco Ins. Co. of Am.*, No. 20-cv-00631-PAB-NRN, 2021 WL 4317112, at *14 (D. Colo. Sep. 23, 2021).

The Consulting Physicians did not treat Mr. Bell.  Docket No. 71 at 7; *see* Docket Nos. 71-1 through 71-7, 71-9.  They formed the opinions in their reports concerning Mr. Bell's diagnoses and impairments by reviewing Mr. Bell's medical records and communicating with Mr. Bell's physicians.  Docket No. 71 at 7; *see* Docket Nos. 71-1 through 71-7, 71-9.  Accordingly, the Consulting Physicians may not testify as to the opinions contained in their reports or provide any additional opinion testimony concerning Mr. Bell's diagnoses and impairments because such testimony goes beyond the realm of lay testimony.

MassMutual claims that the Consulting Physicians "will testify as to their respective personal involvement in MassMutual's internal review and management of Plaintiff's claim and appeal, including their interactions with MassMutual's claims team, their personal review of Plaintiff's medical records, and their conversations with Plaintiff's physicians."  Docket No. 106 at 3.  As lay witnesses, the Consulting Physicians may testify on these topics insofar as their testimony is based on firsthand knowledge and their personal experience.  *See* Fed. R. Evid. 701.  The Consulting Physicians may not use the opportunity to testify as to their opinions as to Mr. Bell's

diagnoses and impairments or to recount the medical opinions of the physicians whose records they reviewed.[1]

## V. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Motion *in Limine* to Preclude Testimony from Defendant's Consulting Physicians Dr. Reva Klein, Dr. Howard Oakes, and Dr. Walter Schievink [Docket No. 71] is **GRANTED** in part and **DENIED** in part.

DATED March 7, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[1] In a footnote in its response, MassMutual argues that, if the Court finds that the Consulting Physicians are non-retained expert witnesses, the Court should not preclude the Consulting Physicians from testifying at trial because MassMutual's omission of the Consulting Physicians from its Rule 26(a)(2) disclosures was harmless error. Docket No. 106 at 4 n.3. The Court will not address this request because it does not comply with the Local Rules, which provide that a motion "shall not be included in a response or reply to the original motion," but must instead "be filed as a separate document." D.C.COLO.LCivR 7.1(d).